CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RK

OCT 10 2013

JULIA C. DUDLEY, CLERK
BY: /s/ HMcDonnoo
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ADRIAN ROBINSON,**  Plaintiff, | Civil Action No. 7:13-cv-00414 |
| v. | **MEMORANDUM OPINION** |
| **UNKNOWN,**  Defendant. | By:  Hon. Jackson L. Kiser  Senior United States District Judge |

Adrian Robinson, a Virginia inmate proceeding <u>pro se</u>, filed a "Motion," which the court construed as a Complaint arising under 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff asks me to order two correctional staff to follow Virginia Department of Corrections policies and procedures and to give Plaintiff free copies. Plaintiff alleges that the inability to receive free copies caused him to miss deadlines in federal court cases. PACER reveals Plaintiff pursued two civil actions in the Eastern District of Virginia. The first case, <u>Robinson v. Obama</u>, Civil Action No. 1:11-cv-00808 (E.D. Va. Aug. 3, 2011), was dismissed with prejudice as frivolous, and the subsequent appeal, Appeal No. 11-7089 (4th Cir. 2011), was also dismissed as frivolous. The second case, <u>Robinson v. Unknown</u>, Civil Action No. 1:12-cv-00225 (E.D. Va. July 30, 2012), was dismissed without prejudice because Plaintiff failed to comply with an order instructing him to file an amended complaint and a signed consent to fee form. Plaintiff's appeal of that dismissal, Appeal No. 12-7585 (4th Cir. 2012), was dismissed due to his failure to prosecute.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which

clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint.[1] See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151

---

[1] Plaintiff subsequently filed more than 400 pages of prison grievance and administrative records, letters to other entities, a magazine, a book, state and federal court pleadings, people's resumes, newspaper articles, and a report on The Prison Litigation Reform Act. Rules 8 and 10 of the Federal Rules of Civil Procedure require Plaintiff to write "a short and plain statement of the claim showing that the pleader is entitled to relief" set out in numbered paragraphs, each limited to a single set of circumstances. It is Plaintiff's obligation, not the court's, to construct a legally viable claim in accordance with Rules 8 and 10. "Judges are not like pigs, hunting for truffles buried in [400 pages of exhibits]." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Accordingly, I will not become Plaintiff's advocate and guess the ways these 400 pages of exhibits would possibly relate to the one-page Complaint.

(4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff fails to state a claim that the "Unknown" defendant violated a federal right to access federal courts because he cannot show "some quantum of detriment" caused by an alleged failure to make copies. See, e.g., Lewis v. Casey, 518 U.S. 343, 350 (1996). The alleged lack of copies could not cause some quantum of detriment for the first civil action and appeal that presented legally frivolous claims. Even if making copies somehow relates to the second action's dismissal for not filing an amended complaint or a consent to fee form, that action was dismissed without prejudice via a non-final order. See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993). Furthermore, a claim that prison officials have not followed their own independent policies or procedures does not state a constitutional claim. Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990). Although Plaintiff is granted leave to proceed in forma pauperis, the Complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, and all pending motions are denied as moot.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTER**: This 10th day of October, 2013.

*/s/ [signature]*
Senior United States District Judge